IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

CIVIL FILE NO. _____

Scientia Energy, Inc.,
a California corporation,

       Plaintiff,

vs.

**COMPLAINT**

Vinco, Inc.,
a Minnesota Corporation,

       Defendant.

---

Plaintiff, for its cause of action against Defendant, states and alleges as follows:

1. Plaintiff is a California corporation with its principal place of business in California.

2. Defendant is a corporation organized under the laws of the State of Minnesota, with its principal place of business in Minnesota, and with an office and place of business in Fergus Falls, Minnesota.

3. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332, Diversity of Citizenship.

4. The issues in this case arise out of transactions which took place in whole or in part at Fergus Falls, Otter Tail County, Minnesota.

5. Plaintiff is in the commercial wind energy business, including the sale of wind turbines and associated equipment.

6. Defendant is, among other things, in the renewable energy business, including the sales and installation of wind turbines and associated equipment.

COUNT 1 – GOODS SOLD AND DELIVERED

7. Beginning in February, 2008, and continuing through May 2009, plaintiff sold to defendant in excess of $600,000 worth of used wind turbines and associated equipment. These turbines were delivered to defendant's office in Fergus Falls, Minnesota.

8. Defendant has made partial payment to plaintiff on account of the said sales, but still owes plaintiff in excess of $240,000 on account.

9. Despite due demand for payment, defendant has refused to pay plaintiff the balance owing on account. Defendant owes plaintiff said amount for said goods sold and delivered.

COUNT 2 – MISAPPROPRIATION OF TRADE SECRETS

10. Plaintiff is and at all pertinent times has been the owner of information which constitutes trade secrets utilized in connection with its wind turbine business. This information derives economic value from not being generally known to, and not being readily ascertainable by proper means to defendant.

11. Plaintiff has made reasonable efforts under the circumstances to maintain the secrecy of this information

12. This secret information includes, but is not limited to, the design and manufacturing blueprints of the Windmatic turbine, and computer source code for the controllers.

13. Defendant has acquired such trade secrets from plaintiff under circumstances in which defendant knew or should have known that the trade secrets were acquired by improper

means. To the extent that such secrets were acquired from a purported agent of plaintiff, defendant knew or should have known that such agent was not authorized to disclose such trade secrets to defendant.

14. Defendant has acquired such trade secrets from plaintiff under circumstances in which defendant knew or should have known that the trade secrets at the time of disclosure were derived from a person who owed a duty to plaintiff to maintain their secrecy or limit their use.

15. All of the said acts are in violation of Minnesota Statutes Chapter 325C.

16. Said wrongful acts by defendant entitle plaintiff to injunctive relief, damages, and attorney fees pursuant to Minnesota Statutes § 325C.02-.04.

## COUNT 3 – INTERFERENCE WITH CONTRACTUAL RELATIONSHIPS

17. Plaintiff had a contract with Wintec Energy, Ltd. ("Wintec") to supply gearboxes to Wintec.

18. Defendant knew about the said contract and intentionally caused the breach of the contract. Wintec did breach the said contract.

19. Defendant's actions were for the purpose of inducing Wintec to terminate its business relationship with plaintiff and enter into a business relationship with defendant, and were not justified. Defendant's said actions have caused damage to plaintiff in the form of lost profits and otherwise.

## COUNT 4 – INTERFERENCE WITH PROSPECTIVE ADVANTAGE

20. Plaintiff had the expectation of entering into additional contracts with Wintec Energy, Ltd. ("Wintec") and/or its affiliated companies.

21. Defendant knew about the said prospective relationships and intentionally and improperly interfered with the said relationships, and has induced or caused Wintec and/or its afflilated companies not to enter or continue in the relationship. Defendant's said actions have caused damages to plaintiff in the form of lost profits and otherwise.

WHEREFORE, plaintiff demands judgment against defendant as follows:

1. Awarding plaintiff a judgment against defendant in an amount exceeding $75,000;

2. Awarding plaintiff pre-judgment and post-judgment interest on its award;

3. Temporarily and permanently enjoining defendant from misappropriation of plaintiff's trade secrets.

4. Awarding plaintiff its costs, disbursements, attorneys' fees and such other further relief as the Court may deem just and equitable.

**TRIAL BY JURY IS HEREBY REQUESTED.**

PEMBERTON, SORLIE, RUFER
& KERSHNER, P.L.L.P.

Dated: March 3, 2011         By:   s/Stephen F. Rufer
                             Stephen F. Rufer, No. 94286
                             110 North Mill Street, P.O. Box 866
                             Fergus Falls, Minnesota 56538
                             Telephone:  218-736-5493
                             Facsimile:  218-736-3950
                             Email:  s.rufer@pemlaw.com

**ATTORNEYS FOR PLAINTIFFS**